UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | MAGISTRATE ACTION NO. C-08-64 |
| § | |
| JOE GALECIO-ALVAREZ § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL**

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The following requires detention of the defendant pending trial in this case:

(1) There is a serious risk that the defendant will not appear for court as required; and

(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

The evidence against the defendant is substantial. Defendant confessed he was being paid to transport drug money to Mexico. Paragraphs one through four of the Pretrial Services Report are adopted, supplemented by the testimony of the defendant's wife.

The defendant and his wife provided inconsistent information and testimony to Pretrial Services and to the court. The defendant claimed that he had not used cocaine for

four years, yet he was arrested with a vial of cocaine which he admitted to arresting officers belonged to him.  The defendant told the trooper involved in stopping him that he was born in Mexico, yet he told another investigating officer he was born in the United States.  The defendant denied travel to Mexico and denied that he had health problems, yet his wife claimed he traveled to Mexico regularly to receive medical care for his diabetes and high cholesterol.  When he was stopped by DPS troopers, defendant said he was returning from a tile job in Houston, yet his wife stated he had not done any tile jobs several months, and that the purpose of his Houston trip was to buy cars.   The defendant did not tell Pretrial Services about any employment involving the buying and selling of cars.  The defendant claimed at one point after his arrest that he was taking the truck and currency in his possession to Mexico, then later he said that he would leave the truck at his residence in the United States and it would be picked up and taken to Mexico.

     The conclusion from these inconsistencies is that the defendant was not telling the truth to Pretrial Services, or alternatively, he has not told the truth to his wife.  Either way, he has not placed himself in a position where the court trusts that he will comply with court-ordered conditions of release.  The defendant has ties to Mexico which is a concern.  Furthermore, the defendant's wife does not appear to be able to enforce conditions of bond as a third party custodian.

     The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation

with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED this 5th day of February, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE